UNITED STATES of America for Use and Benefit of CONNER UNIVERSAL COMPANY, INC., a corporation, Plaintiffs,

v.

DIMARCO CORPORATION and the Heritage Insurance Company, Defendants,

and

The HERITAGE INSURANCE COMPANY, Third Party Plaintiff,

v.

DIMARCO CORPORATION, H. Richard Westerhold, and Marjorie Westerhold, Third Party Defendants.

No. 83–1417C(C).

United States District Court, E.D. Missouri, E.D.

May 16, 1986.

Milton Schwartz, St. Louis, Mo., for plaintiff.

David Duree, St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

MEREDITH, District Judge.

This Court has carefully reviewed the Report and Recommendation of the United States Magistrate and the record of this case.

Briefly stated, the facts are as follows. H. Richard Westerhold and Marjorie Westerhold are judgment debtors whose property was levied upon. A marshal's sale was held on August 15, 1984. James McElroy bid $20,000 for the property. For the reasons enumerated in the Magistrate's Report, McElroy's bid was not accepted; consequently, he was not a purchaser. The Heritage Insurance Company (Heritage) was entitled to the proceeds of the sale. Heritage moved that the Court order a second sale of the property and, in the event that the proceeds were less than $20,000, that McElroy be liable for the deficiency. The Westerholds then filed for bankruptcy, and the case was stayed. By an order dated March 19, 1986, U.S. Bankruptcy Judge McDonald modified the stay March 19, 1986, U.S. Bankruptcy Judge McDonald modified the stay to allow a determination of McElroy's liability only, and not as to rights to the Westerhold's property.

For the reasons stated in the Magistrate's Report and Recommendation, James McElroy will not be liable for any deficiency or cost for resale of the property if that occurs. However, the stay from the bankruptcy court is still in effect regarding the Westerhold's property; consequently, this Court cannot order that the property be resold at this time.

Therefore,

IT IS HEREBY ORDERED that Heritage Insurance Company's motion that the Court order a second sale of the Westerhold's property, and that James McElroy be liable for any difference between his $20,000 bid and the second sale price be and is hereby denied.